# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOHNATHAN BRYANT GOODWIN, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-1793-P | |
| ) | ECF | |
| ART INSTITUTE OF DALLAS and ) | | |
| LESLIE BAUGHAM, ) | | |
| Defendant. ) | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

**Parties:**

Plaintiff is a resident of Arkansas and has filed an unspecified action. He is proceeding pro se, and has been granted leave to proceed *in forma pauperis*. Defendants are the Art Institute of Dallas and Art Institute of Dallas employee Leslie Baugham. Service has not been issued.

**Factual background:**

Plaintiff states that he seeks a "complete background investigation" on the Art Institute of Dallas. He states the background information should include information on admitted students. He also requests that Defendant Leslie Baugham be "watched," because "she seems like the type that can manipulate people into doing crazy things."

**Screening:**

The terms of 28 U.S.C. § 1915(e)(2)(B)(i) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim may be deemed to lack an arguable basis in fact if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**Discussion:**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff asserts no federal statutory or constitutional basis for this suit. It appears he is attempting to establish diversity jurisdiction. Plaintiff, however, has not made any claim for monetary relief and has not alleged that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Plaintiff has therefore failed to establish jurisdiction in this case.

Additionally, Plaintiff has stated no legal basis that would entitle him to have Defendants investigated or watched. To the extent he is seeking an investigation into possible criminal activities, such an investigation falls within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam). Plaintiff's complaint should therefore be dismissed.

**RECOMMENDATION:**

The Court recommends that this case be dismissed for lack of jurisdiction.

Signed this 17th day of November, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a <u>de novo</u> determination by the District Court. <u>See Thomas v. Arn</u>, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).